NOWAK *v.* SHEDD-BARTUSH FOODS, INC.

1. WORKMEN'S COMPENSATION—BENEFITS—DEPENDENT CHILDREN.

Weekly payments of workmen's compensation benefits are reduced by the amount provided for dependent children when the child, after becoming 16, ceases for a period of 6 months to receive more than 1/2 of his support from the injured employee if at that time the child is neither physically nor mentally incapacitated from earning (CLS 1956, § 412.9[d]).

2. SAME—BENEFITS—DEPENDENT CHILDREN.

Status of child as dependent for purposes of eligibility for benefits for dependent children under workmen's compensation act is determined as of the time of injury, those under 16 being conclusively presumed to be dependents (CLS 1956, § 412.9 [b], [c]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation §§ 161–163, 166, 174, 186.
[3] 58 Am Jur, Workmen's Compensation §§ 441, 443.

3. Same—Dependent Children—Burden of Proof.

> The burden of proof as to facts establishing that a child over 16 no longer receives more than 1/2 of its support from the injured employee and is capable of earning is upon the employer and its insurer; thus, defendant employer and its insurer failed to sustain this burden where they alleged that plaintiff no longer could provide more than 1/2 of support of children since plaintiff's husband earned more than plaintiff received as workmen's compensation but neither contended that the children were employed nor that plaintiff's benefits were insufficient to provide more than 1/2 of their support during their dependency (CLS 1956, § 412.9[d]).

Appeal from Court of Appeals, Division 1, Levin, P. J., and McGregor and R. B. Burns, JJ., reversing Workmen's Compensation Appeal Board. Submitted November 13, 1968. (Calendar No. 10, Docket No. 51,915.) Decided February 3, 1969.

8 Mich App 290, reversed.

Helen M. Nowak filed an application for additional workmen's compensation benefits against Shedd-Bartush Foods, Inc., and Zurich Insurance Company, its insurer, claiming dependency of 2 children who had passed the age of 16. The referee found that one daughter continued to be dependent, and awarded compensation accordingly. Defendant appealed to Workmen's Compensation Appeal Board. Affirmed. Defendant appealed to Court of Appeals. Reversed. Plaintiff appeals. Reversed.

*Kelman, Loria, Downing & Schneider,* for plaintiff.

*Lacey & Jones (E. R. Whinham, Jr.,* of counsel), for defendants,

T. E. Brennan, C. J.

### 1. The Facts.

Plaintiff suffered a compensable injury on August 1, 1957. Her two daughters were then under 16 years of age. Defendants voluntarily paid compensation benefits to plaintiff, computed on the basis of two dependents. On July 19, 1960, six months after the 16th birthday of the plaintiff's daughter, Helen Phyllis, defendants reduced plaintiff's weekly benefits from $40 to $36. On June 17, 1962, six months after the 16th birthday of plaintiff's daughter, Julia, defendants reduced the weekly benefits from $36 to $33.

Plaintiff filed an application for hearing and adjustment of claim. It was heard by the referee on May 20, 1963. Plaintiff was the only witness. The referee found the daughters to be dependents.[1] The appeal board affirmed, and the Court of Appeals reversed.

### 2. The Issue.

At issue is the burden of proof imposed by part 2 of the workmen's compensation act, § 9 (CLS 1956, § 412.9, Stat Ann 1960 Rev § 17.159), which, in part, states:

"(d) Weekly payments to any injured employee shall be reduced by the additional amount provided for any dependent child * * * when such child * * * after becoming 16 ceases for a period of 6 months to receive more than 1/2 of his support from such injured employee, if at such time he or she is neither physically or mentally incapacitated from earning."

---

[1] The referee found both daughters continued to be dependents until January 17, 1963, on which date Helen ceased to be a dependent, leaving Julia as the only dependent thereafter,

The act provides that dependency is determined at the time of the injury.[2]   Children under 16 are conclusively presumed to be dependents.[3]   Children over 16 may be shown not to be dependent if:  (1) they cease for 6 months to receive more than 1/2 of their support from the injured employee; and (2) they are not incapacitated from earning.

The burden of showing these elements is upon he who alleges them to be true.   To meet this burden defendants would have to show the amount of the child's keep and the source of the child's support.

Defendants did not contend that the children were employed.   They did not attempt to show that plaintiff's compensation benefits were insufficient to provide more than 1/2 of the children's support.

Defendants' argument is that plaintiff's husband earned more than the plaintiff, and therefore the husband contributed more than one-half of the children's support.   Despite erroneous dicta of the appeal board,[4] that conclusion does not follow.   At most, the defendants have shown that plaintiff kept no separate record of what she did with her compensation benefits.   It was not up to her to prove that she provided more than 1/2 of the children's support.   It was up to the defendants to show that

---

[2] CLS 1956, § 412.9(c)  (Stat Ann 1960 Rev § 17.159[c]).

[3] CLS 1956, § 412.9(b)  (Stat Ann 1960 Rev § 17.159[b]).

[4] The appeal board held: "Defendant reduced compensation payments to plaintiff 6 months after each child reached her 16th birthday.   *Their action was based upon the claim that plaintiff was not their furnishing at least one-half of the support of these children. Plaintiff does not deny this fact,* but claims her failure to contribute her full share to the financial pool was due to the facts of injury and the small amount she received by way of compensation therefor. * * *

"But for the injury, this employee would still be contributing her share of the money to the family's fund.   However, because of the injury she is totally disabled and her contribution to the fund is limited to the amount which she receives as compensation for her injury.   *Because of this fact, she no longer furnishes at least one-half of the support of her daughter.*"   (Emphasis supplied.)

she did not use her money for that purpose. The defendants did not sustain this burden.

The Court of Appeals is reversed. Costs to plaintiff.

DETHMERS, KELLY, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred.

T. G. KAVANAGH, J., took no part in the decision of this case.